10-1144-cv
Taylor v. Housing Authority of the City of New Haven

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2010

(Argued: April 11, 2011          Decided: May 4, 2011)

Docket No. 10-1144-cv

_____

REBECCA TAYLOR, deceased, by and through
Holly Wazyluk, her personal representative,
KARL HUNTER, and HEIWA SALOVITZ,

Plaintiffs-Appellants,

v.

THE HOUSING AUTHORITY OF THE CITY OF NEW HAVEN, JIMMY MILLER,
individually, KAREN DUBOIS-WALTON, individually and as
Executive Director of the Housing Authority, DAVID
ALVARADO, ILONA LEFFINGWELL, LOUISE PERSALL, ROBERT SOLOMON, and
JASON TURNER, as officials and board members of the
Housing Authority,

Defendants-Appellees.[*]

_____

Before:
          KEARSE, MINER, and CHIN, Circuit Judges.

Appeal from a judgment entered March 29, 2010, in

the United States District Court for the District of

Connecticut (Arterton, J.) finding in favor of defendants-

appellees on all claims and decertifying the class.

AFFIRMED.

_____

          [*]     The Clerk of the Court is directed to revise the
official caption to conform to the above.

JENNIFER CHILDRESS VICKERY, Law Office of Jennifer Vickery, New Haven, Connecticut, for Plaintiffs-Appellants.

DONN A. SWIFT, Lynch, Traub, Keefe & Errante, New Haven, Connecticut, for Defendants-Appellees.

PER CURIAM:

Plaintiffs-appellants, Rebecca Taylor, Karl Hunter, and Heiwa Salovitz ("plaintiffs"), commenced this action, alleging that defendants-appellees, the Housing Authority of the City of New Haven ("HANH") and a group of HANH officials ("defendants"), discriminated against them in administering New Haven's Housing Choice Voucher ("Section 8") program, in violation of plaintiffs' rights under the Fair Housing Act, 42 U.S.C. § 3604(d); the Fair Housing Amendments Act of 1988 (the "FHAA"), 42 U.S.C. § 3604(f); and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and regulations promulgated thereunder, 24 C.F.R. §§ 8.28, 100.204. After a nine-day bench trial, the district court entered judgment on March 29, 2010, finding in favor of defendants on all claims and vacating its earlier class certification order. See Taylor v. Hous. Auth. of New Haven (Taylor II), 267 F.R.D. 36, 75-76 (D. Conn. 2010), vacating Taylor v. Hous. Auth. of New Haven (Taylor I), 257 F.R.D. 23 (D. Conn. 2009). The facts and procedural history of this

case are fully set forth in the district court's opinion in Taylor II, familiarity with which is assumed.

On appeal, plaintiffs challenge the district court's (1) conclusion that 24 C.F.R. §§ 8.28 and 100.204 may not be privately enforced through 42 U.S.C. § 1983; (2) analysis of Taylor's intentional discrimination claim under the FHAA; (3) factual findings regarding the provision of Section 8 services to the class; (4) rulings on certain discovery issues; and (5) decertification.

This Court has not addressed the private enforceability of the Department of Housing and Urban Development ("HUD") regulations at issue here or the private enforceability of agency regulations generally since the Supreme Court's decision in Alexander v. Sandoval, 532 U.S. 275 (2001). The Sandoval Court held that a regulation may be privately enforced if it "invoke[s] a private right of action that Congress through statutory text created." Id. at 291. In other words, a right of action "can extend no further than" the personal right conferred by the plain language of the statute. Taylor II, 267 F.R.D. at 42-43; see Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002); Sandoval, 532 U.S. at 291 ("Agencies may play the sorcerer's apprentice but not the sorcerer himself."); see also Mark H. v. Lemahieu, 513 F.3d 922, 935 (9th Cir. 2008) ("Sandoval instructs that whether the § 504 regulations are privately

enforceable will turn on whether their requirements fall within the scope of the prohibition contained in § 504 itself.").

We adopt the district court's carefully considered and thorough discussion of these issues.  See Taylor II, 267 F.R.D. at 40–47, 52–54; see also Three Rivers Ctr. for Indep. Living, Inc. v. Hous. Auth. of Pittsburgh, 382 F.3d 412, 418–32 (3d Cir. 2004) (reaching analogous conclusions with respect to HUD regulations at 24 C.F.R. §§ 8.22, .23, and .26).

We have considered plaintiffs' remaining arguments and conclude that they are without merit, for the reasons articulated in Taylor II.  Accordingly, the judgment of the district court is **AFFIRMED**.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK